

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-3-08

J Steele

DEPUTY CLERK

FILED

NOV - 3 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

FLOYD WILLIAMS III and
FREDERICK LEROY HAYES, JR.,

      Plaintiffs,

      v.

BOARD OF PAROLE HEARINGS,

      Defendant.

Case No. EDCV 08-00402-CBM (MLG)

MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT WITH
LEAVE TO AMEND

## I.   Factual and Procedural Background

Plaintiffs Floyd Williams III and Frederick Leroy Hayes, Jr.
("Plaintiffs") are state prisoners currently incarcerated at the
Ironwood State Prison in Blythe, California. On April 15, 2008,
Plaintiffs filed this *pro se* civil rights complaint pursuant to 42
U.S.C. § 1983, naming as defendants the California Board of Parole
Hearings and its commissioners and officers acting in their official
capacity. Plaintiffs claim that Defendant violated Plaintiffs' right
to due process under the 14th Amendment of the United States
Constitution by employing a "preponderance of the evidence" standard
in parole hearings, rather than a more stringent "clear and

convincing evidence" standard. (Compl., App. ¶ 13.) Plaintiffs seek a declaration that the use of a "preponderance of the evidence" standard in parole hearings is unconstitutional and a permanent injunction ordering Defendants to discontinue use of the "preponderance of the evidence" standard of proof in parole suitability hearings. (Compl., App. ¶ 12.) Plaintiffs also seek a bench trial, their costs in bringing the complaint, and any other relief the Court deems just. (Compl., App. ¶¶ 13-17).

On September 2, 2008, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the complaint should be dismissed for the following reasons: (1) Defendant is entitled to Eleventh Amendment immunity from suits for monetary damages brought against State Board of Parole Hearings officers in their official capacity; (2) Defendant is entitled to absolute immunity from damages because Board officials are quasi-judicial officials entitled to immunity for their actions; (3) Plaintiffs have failed to causally connect Defendant to the alleged wrongs; (4) Plaintiff Williams' Eighth Amendment claim is barred by collateral estoppel;[1] (5) Plaintiffs have failed to plead sufficient facts to state a claim under Federal Rule of Civil Procedure 8; and (6) Defendant is entitled to qualified immunity from

---

[1] Defendant misconstrues Plaintiffs' complaint to include an Eighth Amendment claim that Williams raised in a previous § 1983 action in the Southern District of California, in which he argued that his rights were violated when he was placed on long term lockdown and denied outdoor exercise. Case No. CV 03-01001-LAB. Defendant points to the first page of Plaintiffs' § 1983 complaint, but there Plaintiffs are simply answering the complaint's question as to whether they have filed any other lawsuits in federal court while they have been prisoners. See Pls.' Compl. at 1. Plaintiffs have not alleged any Eighth Amendment violations in the instant action and as such, the Court declines to address any of Defendant's arguments related to this claim.

2

damages.[2] (Def.'s Mot. to Dismiss at 2). On September 29, 2008, Plaintiffs filed an opposition to the motion to dismiss.  The matter is ready for decision.

## II.   Standard of Review on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to Plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)(per curiam)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  However, the liberal construction doctrine "applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

---

[2] Because Plaintiffs have failed to name individual officials of the State Board of Parole Hearings as defendants to this action, it is unnecessary to address Defendant's contentions that Board officials are quasi-judicial officials entitled to immunity for their actions and that Board officials are entitled to qualified immunity from damages.

3

## III. Discussion

### A.    Eleventh Amendment Immunity

Defendant argues that it is entitled to Eleventh Amendment immunity from damages for suit brought against State Board of Parole Hearings officers acting in their official capacity. Plaintiffs contend that they are not barred from bringing suit against the State Board of Parole Hearings for prospective injunctive and declaratory relief.

### 1.    Defendant State Board of Parole Hearings Is Immune from Suit Under the Eleventh Amendment

The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. See U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The California Board of Parole Hearings is a state agency which is entitled to immunity under the Eleventh Amendment. See *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Accordingly, Plaintiffs' claims for both monetary damages and prospective injunctive and declaratory relief against the State Board of Parole Hearings are barred by the Eleventh Amendment and must be dismissed.

### 2.    State Board of Parole Hearings Officers are Immune from Monetary Damages under the Eleventh Amendment but May Be Sued for Injunctive and Declaratory Relief

State officials acting in their official capacity may not be sued for retroactive money damages. See *Edelman v. Jordan*, 415 U.S. 651, 666-667 (1974). The United States Supreme Court has held that "[c]ompensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Papasan v. Allain*, 478 U.S.

1  265, 277-278 (1986).   Therefore, to the extent that Plaintiffs are
2  seeking any monetary damages against the officers of the State Board
3  of Parole Hearings acting in their official capacity, this relief is
4  barred by the Eleventh Amendment.

5      However, Plaintiffs are not barred by the Eleventh Amendment in
6  bringing a claim for declaratory and injunctive relief against state
7  officials. *See Ex Parte Young*, 209 U.S. 123, 166 (1908). The *Ex Parte*
8  *Young* exception to Eleventh Amendment immunity applies where a
9  violation of the Constitution or federal law is alleged. *See Idaho v.*
10 *Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997)("An
11 allegation of an on-going violation of federal law...is ordinarily
12 sufficient to invoke the *Young* fiction."). Further, the inquiry into
13 whether suit lies under *Ex Parte Young* does not include an analysis
14 of the merits of the federal claim. *See Verizon Maryland Inc. v.*
15 *Public Service Comm'n of Maryland*, 535 U.S. 635, 646 (2002) (federal
16 suit against state officials under *Young* not barred by uncertainty
17 whether federal law supports the plaintiff's claims and whether
18 federal or state law applies). Accordingly, if Plaintiffs can allege
19 a violation of the Constitution or of federal law, they may bring
20 suit against the officers of the State Board of Parole Hearings for
21 prospective injunctive and declaratory relief.[3]

22  **B.   Plaintiffs Have Failed to State a Claim upon Which Relief**
23          **Can Be Granted**
24      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

26  [3] Because Plaintiffs have failed to name any individual officials
27  of the Board of Parole Hearings as defendants, they are not entitled to
    bring a claim for prospective injunctive relief. However, if Plaintiffs
28  were to amend the complaint to name specific officials as defendants,
    they would be entitled to bring a claim pursuant to *Ex Parte Young*.

5

two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs contend that the California Board of Parole Hearings' use of a "preponderance of the evidence" standard of proof in parole determinations, rather than a more favorable "clear and convincing evidence" standard, violates Plaintiffs' federal due process rights.

Defendant argues that Plaintiffs' complaint fails to plead sufficiently specific facts to state a claim under Rule 8 of the Federal Rules of Civil Procedure. A plaintiff must set forth his claims in short and plain terms, and each factual allegation must be "simple, concise and direct." Fed. R. Civ. P. 8(e)(1). Here, Defendant contends that Plaintiffs' complaint is conclusory and devoid of specific factual allegations which would give notice to Defendant of the basis of Plaintiffs' claim.

While detailed factual allegations are not required to survive a motion to dismiss, particularly in *pro se* prisoner litigation, nevertheless the court need not accept as true conclusionary allegations or legal characterizations, such as the allegations made in this action. *Ileto*, 349 F.3d at 1200. Here, from the sparsity of facts alleged in Plaintiffs' complaint, the Court is unable to determine whether Plaintiffs have stated a viable constitutional or federal law claim against the officials of the State Board of Parole Hearings. Plaintiffs have failed to allege any facts that show: (1) which specific State Board of Parole Hearings officials have supposedly violated Plaintiffs' constitutional rights; (2) what particular standard of evidence is currently employed by the State

Board of Parole Hearings; (3) whether Plaintiffs themselves have had a parole hearing and been denied parole; (4) if so, what particular standard of evidence was used at that parole hearing; (5) alternatively, whether they are eligible for parole in the future and if so, on what date; and (6) how employing a "clear and convincing evidence" standard of proof instead of the alleged use of a "preponderance of the evidence" standard would specifically remedy Plaintiffs' claim of violation of their federal due process rights. In sum, Plaintiffs have not plead sufficient facts necessary to survive a motion to dismiss.

**IV.   Conclusion**

For the reasons provided above, **IT IS ORDERED** that the complaint be **DISMISSED** without prejudice and with leave to amend. If Plaintiffs still wish to pursue this action, they may file a first amended complaint within **twenty-one (21) days** of the date of this Order, remedying the deficiencies identified above.   The amended complaint must set forth all of the facts which support Plaintiffs' claim and may not refer to the other complaint.   The first amended complaint should be captioned "FIRST AMENDED COMPLAINT," and should bear this case name and case number EDCV 08-00402-CBM (MLG). The first amended complaint must clearly identify the specific facts on which Plaintiffs' claim is based.   It should include the date, time, place and circumstances under which the claim arose, the full details of what each defendant did or failed to do, and the damage or injury suffered by Plaintiffs as a result. It must comply with the requirements of Federal Rule of Civil Procedure 8(a). Plaintiffs are cautioned that they are responsible for presenting factually accurate

information to the Court.   A knowing misrepresentation to the Court is punishable by sanction, including dismissal.   Failure to timely file the First Amended Complaint will result in the dismissal of the entire action with prejudice.

Dated: October 31, 2008

_____
Marc L. Goldman
United States Magistrate Judge

8