I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL Plaintiffs
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 2-23-09
DEPUTY CLERK



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FLOYD WILLIAMS III and FREDERICK LEROY HAYES, JR., <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF PAROLE HEARINGS, <br><br> Defendant. | Case No. EDCV 08-00402-CBM (MLG) <br><br> MEMORANDUM OPINION AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

Plaintiffs Floyd Williams III and Frederick Leroy Hayes, Jr. ("Plaintiffs") are state prisoners currently incarcerated at the Ironwood State Prison in Blythe, California. On April 15, 2008, Plaintiffs filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendants the California Board of Parole Hearings and its commissioners and officers acting in their official capacity. Plaintiffs claimed that Defendants violated Plaintiffs' right to due process under the 14th Amendment of the United States Constitution by employing a "preponderance of the evidence" standard in parole suitability hearings, rather than a more stringent "clear and convincing evidence" standard. Plaintiffs sought a declaration

that the use of a "preponderance of the evidence" standard in parole hearings is unconstitutional and a permanent injunction ordering Defendants to discontinue use of the "preponderance of the evidence" standard of proof in parole suitability hearings.

On September 2, 2008, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 31, 2008, the Court granted the motion to dismiss with leave to amend. The Court found that the Defendants were entitled to Eleventh Amendment Immunity and that the complaint failed to comply with the requirements of Fed.R.Civ.P. 8, in that the facts did not give sufficient notice of the claims that were being made. Plaintiffs were specifically instructed as follows:

> Here, from the sparsity of facts alleged in Plaintiffs' complaint, the Court is unable to determine whether Plaintiffs have stated a viable constitutional or federal law claim against the officials of the State Board of Parole Hearings. Plaintiffs have failed to allege any facts that show: (1) which specific State Board of Parole Hearings officials have supposedly violated Plaintiffs' constitutional rights; (2) what particular standard of evidence is currently employed by the State Board of Parole Hearings; (3) whether Plaintiffs themselves have had a parole hearing and been denied parole; (4) if so, what particular standard of evidence was used at that parole hearing; (5) alternatively, whether they are eligible for parole in the future and if so, on what date; and (6) how employing a "clear and convincing evidence" standard of proof instead of the alleged use of a "preponderance of the

evidence" standard would specifically remedy Plaintiffs' claim of violation of their federal due process rights. In sum, Plaintiffs have not plead sufficient facts necessary to survive a motion to dismiss.

On November 19, 2009, Plaintiffs filed their first amended complaint. In that complaint, they named as Defendants Douglas Drummond and Alejandro Armenta, both of whom are members of the California Board of Parole Hearings. These Defendants are sued in their official capacities. Also named as Defendants are fourteen John Does. On January 22, 2009, the Board of Parole Hearings filed a motion to dismiss the first amended complaint. Defendant claims that Armenta and Drummond have not been served and that Defendants are entitled to Eleventh Amendment immunity.[1] Plaintiffs have filed an opposition to the motion.

The motion to dismiss shall be granted, but with leave to amend. It is clear that the Board of Parole Hearings is no longer a Defendant in this case as it was not named in the first amended complaint. However, the individual Defendants were never served with process. This is clearly the Court's error and shall be corrected upon the filing of a second amended complaint.

The Court finds, however, that the first amended complaint does not comply with the requirements of Fed.R.Civ.P. 8 or the Court's prior order. As noted in the previous order, a plaintiff must set forth his claims in short and plain terms, and each factual

---

[1] The Court is at a loss to understand why the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908) would not apply here, since a suit challenging the constitutionality of a state official's actions is not one against the state. See *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984).

allegation must be "simple, concise and direct." Fed. R. Civ. P. 8(e)(1). Here, the absence of specific factual allegations leaves the Court without sufficient information to determine whether the claim is ripe, whether there has been any injury to Plaintiffs, and the factual and legal basis for the assertion that a different standard of review is required for parole eligibility decisions. Because the complaint is deficient and fails to comply with the previous order, it shall be dismissed with leave to amend.

Plaintiffs may file a second amended complaint within **twenty-one (21) days** of the date of this Order, remedying the deficiencies identified above. The amended complaint must clearly identify the specific facts on which Plaintiffs' claim is based. It should include the date, time, place and circumstances under which the claim arose, the full details of what each defendant did or failed to do, and the damage or injury suffered by Plaintiffs as a result. It must comply with the requirements of Federal Rule of Civil Procedure 8(a). If the complaint meets these requirements, it shall be served on Defendants. Otherwise, it shall be dismissed. Plaintiffs are cautioned that they are responsible for presenting factually accurate information to the Court. Failure to timely file the Second Amended Complaint will result in the dismissal of the entire action with prejudice.

Dated: February 20, 2009

Marc L. Goldman
United States Magistrate Judge